**FILED**
**Oct 23, 2019**
**01:58 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **NAOMI PATTON,** | ) | |
| Employee, | ) | **Docket No. 2019-06-0796** |
| | ) | |
| **v.** | ) | |
| | ) | **State File No. 29170-2019** |
| **LAKESHORE HEARTLAND,** | ) | |
| Employer, | ) | |
| | ) | |
| **PREMIER GROUP INSURANCE** | ) | **Judge Joshua D. Baker** |
| **COMPANY,** | ) | |
| Carrier. | ) | |

## EXPEDITED HEARING ORDER DENYING BENEFITS

The Court convened an October 10, 2019 expedited hearing to consider whether Ms. Patton is likely to prove the compensability of two alleged injuries to her left hand and arm. As Ms. Patton failed to file her claim within the statute of limitations for her March 23, 2018 injury, and because she did not show she is likely to prove her June 3, 2018 injury is work-related, the Court denies her requested relief.

## Claim History

On her April 18, 2019 Petition for Benefit Determination, Ms. Patton alleged two work injuries to her left-upper extremity that arose from handling patients: one on March 23, 2018 and another on June 3, 2018. She described each incident in detail. According to the adjuster's signed declaration, Lakeshore never paid workers' compensation benefits for either alleged injury due to Ms. Patton's history of carpal tunnel syndrome.

Ms. Patton's medical records reference prior carpal tunnel surgeries and also note she complained of continuing carpal tunnel symptoms both before and after each alleged work incident. The records show that at least two years earlier before her alleged work injuries, doctors diagnosed Ms. Patton with repeat bilateral carpal tunnel syndrome based

on complaints of "pain and numbness that comes down into the arms with her left arm being worse than her right." The records from a 2017 visit with her personal physician, Dr. James Rubright, state that she told him about her prior carpal tunnel release surgeries and complained of bilateral hand pain, mainly in her left hand. After the March 23 incident, she complained to Dr. Rubright of increased hand pain but again acknowledged that "she did have pain in both of her hands and wrist before this injury."

At the hearing, Lakeshore contended Ms. Patton did not provide them an opportunity to provide authorized treatment following the alleged March 23 incident. Instead, she portrayed her condition as preexisting and insisted on seeing Dr. Rubright. Ms. Patton denied she declined treatment under workers' compensation but continued to see Dr. Rubright.

Dr. Rubright treated Ms. Patton again for carpal tunnel syndrome and osteoarthritis in her hands, but none of his records connects her condition to her employment. On March 26, 2018, he noted from imaging that she had no sign of an acute injury but had "diffuse degenerative change," and he diagnosed "[b]ilateral hand primary osteoarthritis." Notably, his records do not capture any complaint from Ms. Patton of a June 3 work accident, even though he treated her only a few weeks after the alleged incident.

## Findings of Fact and Conclusions of Law

To prevail at an expedited hearing, Ms. Patton must show that she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018). She failed to carry this burden.

Recovery for Ms. Patton's March 23, 2018 injury is barred by the statute of limitations. Statutes of limitations exist to ensure fairness by prohibiting undue delay in bringing claims and to provide defendants timely notice of potential lawsuits. *See American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554-55 (1974). An employee's right to compensation is forever barred unless a petition for benefit determination is filed within one year after the accident resulting in injury. Tenn. Code Ann. section 50-6-203(b)(1). The employer has the burden of proving that the statute of limitations bars a claim. Once the employer establishes those facts, the employee must prove that an exception exists or the claim is barred. *See Cloyd v. Hartco Flooring Co.*, 274 S.W.3d 638, 647 (Tenn. 2008) (citing *Ingram v. Earthman*, 993 S.W.2d 611, 633; *Jones v. Coal Creek Mining & Mfg. Co.*, 180 S.W. 179, 182 (Tenn. 1915).

Here, Ms. Patton's petition alleged a March 23 injury, yet she did not file a petition to claim benefits until over a year later on April 18, 2019. Further, the Court finds Lakeshore did not pay workers' compensations benefits to or for Ms. Patton concerning either of her alleged injuries. Consequently, the Court holds that Ms. Patton

2

failed to prove she is likely to prevail at a hearing on the merits concerning her March 23, 2018 injury, as she filed her petition beyond the statute of limitations.

Next, the Court addresses Ms. Patton's request for expedited relief concerning her June 3 claim. In Workers' Compensation Law, "injury" means an injury by accident, including a cumulative trauma condition, which arises primarily out of and in the course and scope of employment. Tenn. Code Ann. section 50-6-102(14). An injury "arises primarily out of the course and scope of employment" if the "employment contributed more than fifty percent (50%) in causing the injury, considering all causes." *Id.* at 50-6-102(14)(B). Unless an injury is obvious, an "employee must present expert medical proof that the alleged injury is causally related to the employment." *Berdnik v. Fairfield Glade Cmty Club*, 2017 TN Wrk. Comp. App. Bd. LEXIS 32, at *11. Lay testimony alone will not suffice. *See Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *12 (Aug. 18, 2015) ("Employee's lay testimony in this case, without corroborative expert testimony, did not constitute adequate evidence of medical causation.").

Thus, to succeed at a hearing on the merits, Ms. Patton must produce medical evidence that the June 3 work accident is the primary cause of her condition. None of Dr. Rubright's records regarding treatment rendered shortly after her alleged June 3 accident mentioned an acute injury at work on that date.

While Ms. Patton questions the accuracy of these records, the absence of any complaints of a work-related cause correlates with the defense testimony that she declined medical care under workers' compensation in favor of continuing treatment with Dr. Rubright. Thus, the Court finds it unlikely that she would prevail at a hearing on the merits in proving the compensability of her June 3 claim and denies her requested relief.

It is **ORDERED** as follows:

1. Ms. Patton's claim for medical and temporary disability benefits is denied at this time.

2. This matter is set for a status conference on **Monday, December 2, 2019, at 10:00 a.m. (CST). You must call 615-741-2113 to participate in the hearing. Failure to call may result in a determination of issues without your further participation**

**ENTERED OCTOBER 23, 2019.**

3

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

## APPENDIX

**Exhibits**:

1. Medical Records
2. Ms. Patton's affidavit
3. Declaration of Mr. Porter Nelms
4. Declaration of Ms. Valerie Henderson
5. Change of Status Forms
6. Partner Time Collection Reports
7. Text Messages
8. Wage Statements
9. Documents attached to Ms. Patton's Request for Expedited Hearing

**Technical Record**:

1. Request for Expedited Hearing
2. Dispute Certification Notice
3. Petition for Benefit Determination

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on October 23, 2019.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Naomi Patton, Employee | | | X | Naomi.patton1949@gmail.com |
| Frank Gallina, Employer's Attorney | | | X | fgallina@plcslaw.com |

_____

**Penny Shrum, Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

5



<u>Expedited Hearing Order Right to Appeal:</u>

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

_____
**Employee**

v.

_____
**Employer**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____  SF#: _____ DOI: _____

## Appellee(s)
**Appellee (Opposing Party):**_____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*** Attach an additional sheet for each additional Appellee ***

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this
Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties
and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules
of Board of Workers' Compensation Appeals on this the _____ day of _____, 20 ___

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____   2. Address: _____

3. Telephone Number: _____   4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

LB-1108 (REV 11/15)                                                                 RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental   $ _____ per month

| | | |
|---|---|---|
| Groceries | $ _____ per month | Telephone     $ _____ per month |
| Electricity | $ _____ per month | School Supplies $ _____ per month |
| Water | $ _____ per month | Clothing     $ _____ per month |
| Gas | $ _____ per month | Child Care     $ _____ per month |
| Transportation | $ _____ per month | Child Support   $ _____ per month |
| Car | $ _____ per month | |
| Other | $ _____ per month (describe: _____ ) | |

10. Assets:

| | | |
|---|---|---|
| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe: _____ |

11. My debts are:

Amount Owed                   To Whom

_____     _____

_____     _____

_____     _____

_____     _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires: _____

LB-1108 (REV 11/15)                                          RDA 11082